FRED W. JONES, Jr., Judge.
Plaintiff’s dismissal as a Bossier City police officer was purportedly sustained by the Municipal Fire and Police Civil Service Board (“Board”). Judicial review was sought of the Board’s action and the district court affirmed, from which judgment plaintiff appealed.
According to the record, on November 11, 1977 plaintiff was given written notice by the Bossier City Mayor of his termination for cause as a police officer, with a detailed statement of the reasons for the action. Timely appeal was made to the Board, which heard evidence relating to the eight allegations upon which the City based its discharge of plaintiff.
At the time of the hearing the Board was composed of only four members rather than the statutorily prescribed five. All four members were present at the hearing. At its conclusion, two members voted to reinstate the discharged officer and two members voted to sustain the action of the appointing authority in terminating the plaintiff. The Board and the District Court construed this tie vote as, in effect, sustaining the appointing authority on the assumption that the plaintiff had the onus of having the Board, by a majority vote, overturn that action. We disagree.
La.R.S. 33:2501 provides in part:
“Any employee under classified service and any appointing authority may appeal from any decision of the board ... This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled.” (Emphasis added)
La.R.S. 33:2476(M) provides in part:
“Four members of the board shall constitute a quorum, and the concurring votes of any three members comprising the quorum of the board shall be sufficient for the decision of all matters to be decided or transacted by it.” (Emphasis added)
In this case, there was no vote of three Board members to take any action, either to sustain the appointing authority or to reinstate the terminated officer. Consequently, there was no decision of the Board from which an appeal could be taken under La. R.S. 33:2501 to the District Court, which should have dismissed the appeal.
For these reasons, pursuant to the authority vested in us by La.C.C.P. Art. 2162, we dismiss the appeal, at appellant’s cost.